IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Elridge Vanderhorst Hills, #256906 aka Elridge V. Hills, | ) ) ) | C/A No. 4:05-0690-JFA-TER |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | REPORT AND RECOMMENDATION |
| NFN Farr, Lileutenant at Tyger River Correctional Institution; James Bates, Lieutenant at Tyger River Correctional Institution; NFN Laughter, Lieutenant at Tyger River Correctional Institution; Joseph Smith, Sergeant at Tyger River Correctional Institution; NFN Ammons, Correctional Officer at Tyger River Correctional Institution; Michael Fowler, Inmate Grievance Coordinator at Tyger River Correctional Institution; NFN Gooch, Captain at Tyger River Correctional Institution; NFN Coates, Sergeant at Tyger River Correctional Institution; NFN Lingerfelt, Correctional Officer at Tyger Correctional Institution; Richard Smith, Warden of Tyger River Correctional Institution; NFN Loyd, Associate Warden of Tyger River Correctional Institution; and Donald Dease, Former Regional Director Of Division 2, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Elridge V. Hills ("plaintiff/Hills"), filed this action under 42 U.S.C. § 1983[1]

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District

on March 9, 2005. At all times relevant to the allegations in the plaintiff's complaint, he was an inmate with the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that his constitutional rights were violated. On October 28, 2005, the defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum and affidavits in support of that motion. (Doc. #26). Because the plaintiff is proceeding pro se, he was advised on or about October 31, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff filed a response on December 7, 2005, and December 12, 2005.

Plaintiff filed a motion for summary judgment on November 15, 2005. (Doc. #32). Defendants filed a response in opposition on December 5, 2005.

## II. DISCUSSION

### A. FACTUAL ALLEGATIONS

The plaintiff alleges cruel and unusual punishment due to being placed in a control cell in October 2001. Defendants assert that on October 24, 2001, SCDC personnel at Tyger River Correctional Institution utilized a control cell on plaintiff. Defendants contend that the SCDC can use a control cell for a number of reasons, one of which is when the inmate uses items in the cell to disrupt operations in any manner. (SCDC Policy OP 22.12 36.1). According to defendants, a control cell is where all items are removed from the inmate's cell and the inmate is allowed to retain one pair of underwear, one paper gown, and one security blanket. The rest of the inmate's property is placed

---

Judge.

in a duffel bag and returned to the inmate when he is released from the control cell. (SCDC Policy OP-22.12 36.3). Defendants assert that plaintiff alleged in his Step 1 grievance that the control cell was used because he placed his jumpsuit over the window to his cell and an officer had to remove it.

## B.  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case,

3

on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

### C. ANALYSIS

Defendants argue that plaintiff's claims should be dismissed for failure to exhaust his administrative remedies. Defendants assert that plaintiff must exhaust all administrative remedies before filing suit complaining of conditions of confinement. Defendants submitted the affidavit of Mary Coleman who attests that she is employed by the SCDC as the Chief of the Inmate Grievances Branch for the SCDC. Coleman attests that plaintiff filed a Step 1 Grievance on November 1, 2001, concerning his cell being stripped on October 24, 2001. Coleman attests that the Warden responded on December 11, 2001, denying the grievance and plaintiff filed a Step 2 Grievance on December 21, 2001. Plaintiff received the SCDC's final decision on February 6, 2002, and appealed this decision to the Administrative Law Court (ALC). (Coleman affidavit, doc. #26). Based on the exhibits presented by the defendants along with their assertions, plaintiff filed an appeal of the ALC decision with the Richland County Court of Common Pleas on July 29, 2002. (Notice of Appeal 02-CP-40-3647; see attachment to doc. #26). Furthermore, defendants contend that the appeal was scheduled for a hearing on October 25, 2005, but was continued by Judge Cooper. (Defendants attached a copy of the Richland County Roster). Defendants argue that plaintiff cannot pursue this

matter in federal court while his appeal is still proceeding through the state court system under the exhaustion of administrative remedies theory.

The undersigned concludes that this action is not ripe for adjudication in this court as plaintiff has an appeal pending in state court.[2] Therefore, the court should abstain from exercising jurisdiction over this case because exercising jurisdiction is prohibited by Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed. 2d 669 (1971). In Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990), the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. In Cinema Blue, the Court stated the following

> What lies behind *Younger,* of course, is a broader rule of comity: namely, that federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, "whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2328, 81 L.Ed.2d 186 (1984).

Cinema Blue, 887 F.2d at 52.

In Lancaster v. Spartanburg County Building Codes Department, 370 F.Supp. 2d 404 (D.S.C. 2005), the Court held the following with regard to this issue:

The Younger doctrine holds that:
a federal court should abstain from interfering in a state proceeding, even though it has jurisdiction to reach the merits, if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding;

---

[2] Plaintiff filed a response in opposition to the motion for summary judgment on December 12, 2005, in which he states that it is late 2005 and his case in state court has not been heard. No other documents have been filed in this case since plaintiff's response in December.

5

> that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.
>
> Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir.2003). Although Younger applies to criminal actions, the United States Supreme Court has extended Younger to apply to "civil cases in which important state interests were at stake, such as a nuisance action." Moore v. City of Asheville, North Carolina, 396 F.3d 385, 393 (4th Cir.2005) (citing Huffman v. Pursue et al., 420 U.S. 592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)); see, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 628, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) ("[E]limination of prohibited sex discrimination is a sufficiently important state interest" to bring state administrative proceedings by a civil rights commission within the ambit of Younger); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434-35, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (finding that Younger prevents federal court intervention in ongoing state disciplinary proceedings because the state has a sufficiently important interest in maintaining and assuring the professional conduct of the attorneys it licenses).

Id. at 406-407.

As *Younger* has been expanded beyond state criminal proceedings to civil proceedings such as administrative proceedings for which state judicial review is available, *see* Ohio Civil Rights Comm'n, supra; Simopoulos v. Virginia State Bd. of Medicine, 644 F.2d 321, 329 (4th Cir. 1981), the undersigned recommends that this case be dismissed without prejudice.

### III. CONCLUSION

Based on the above reasons, it is RECOMMENDED that defendants' motion for summary judgment (doc. # 55) be DENIED and this action dismissed without prejudice.

Further, it is RECOMMENDED that the motion filed by the plaintiff for summary judgment be DENIED and all other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 1, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk

United States District Court

Post Office Box 2317

Florence, South Carolina  29503
