IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Eldridge Vanderhorst, #256906, aka Elridge V. Hills, | C/A No.  4:05-0690-JFA-TER |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| NFN Farr, Lileutenant at Tyger River Correctional Institution; James Bates, Lieutenant at Tyger River Correctional Institution; NFN Laughter, Lieutenant at Tyger River Correctional Institution; Joseph Smith, Sergeant at Tyger River Correctional Institution; NFN Ammons, Correctional Officer at Tyger River Correctional Institution; Michael Fowler, Inmate Grievance Coordinator at Tyger River Correctional Institution; NFN Gooch, Captain at Tyger River Correctional Institution; NFN Coates, Sergeant at Tyger River Correctional Institution; NFN Lingerfelt, Correctional Officer at Tyger Correctional Institution; Richard Smith, Warden of Tyger River Correctional Institution; NFN Loyd, Associate Warden of Tyger River Correctional Institution; and Donald Dease, Former Regional Director Of Division 2, | |
| Defendants. | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC"). The plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging cruel and unusual punishment due to being placed in a control cell in October 2001.

In a detailed Report and Recommendation, the Magistrate Judge suggests that the plaintiff has not exhausted his administrative remedies and recommends that the complaint be dismissed without prejudice. Specifically, the Magistrate Judge opines that this court should abstain from exercising jurisdiction because the plaintiff has an appeal pending in state court on these same claims.

The plaintiff was advised of his right to file objections to the Report and Recommendation filed August 1, 2006. As of the date of this order, neither party has filed objections within the time limits prescribed by the local rules of this district.

After reviewing the applicable law, the record in this case, and the Report and Recommendation, the court agrees that the plaintiff has not exhausted his administrative remedies because he still has an ongoing state judicial proceeding and thus he is precluded

from bringing this § 1983 action.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989).  Accordingly, the Report and Recommendation is incorporated herein by reference, and this action is dismissed without prejudice.  Additionally, plaintiff's motion for summary judgment is denied and all other outstanding motions are deemed moot.

    IT IS SO ORDERED.

                                                Joseph F. Anderson, Jr.

August 21, 2006                              United States District Judge
Columbia, South Carolina